**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Paul Anthony Robledo,** | ) |
|       **Petitioner,** | ) CIV 12-01281 PHX JAT (MEA) |
|       v. | ) REPORT AND RECOMMENDATION |
| **Charles L. Ryan, et al.,** | ) |
|       **Respondents.** | ) |

**TO THE HONORABLE JAMES A. TEILBORG:**

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on or about June 14, 2012. Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 21) on October 3, 2012. Petitioner filed a reply (Doc. 27) to the answer to his petition on October 31, 2012.

**I Procedural History**

An indictment returned February 11, 2009, charged Petitioner with one count of attempted first-degree murder. Answer, Exh. A. Police arrived at Petitioner's home on February 8, 2009, where Petitioner's wife's children reported that he had slashed his wife's throat with a box cutter, slammed her head against the wall, and stabbed her at least twice in the abdomen with a kitchen knife. Id., Exh. F. When the police arrived,

Petitioner admitted stabbing his wife and stated he hoped he had killed her. Id., Exh. F. On April 20, 2009, Petitioner's appointed public defender filed a motion seeking a Rule 11 competency evaluation. See id., Exh. C. The motion was granted on April 20, 2009. See id., Exh. C. Petitioner was found competent on or about September 9, 2009. Id., Exh. C.

On January 4, 2010, the state trial court held a settlement conference at which the trial court reviewed the charge against Petitioner and advised him of the potential consequences if he were convicted at trial. Id., Exh. D at 5-6. At the settlement conference the state summarized the evidence against Petitioner. The state informed the trial court and Petitioner that the state was not willing to make a plea offer requiring Petitioner's sentence be capped at the presumptive term of ten and a half years imprisonment. Id., Exh. D at 6–7, 10.[1] After conferring with his counsel, Petitioner elected to plead guilty to the charge against him. Id., Exh. D at 11 & Exh. E.

Before accepting Petitioner's guilty plea, the trial court again reviewed the charge against Petitioner and again advised him of the range of potential sentences he faced if he pled guilty. The court advised Petitioner of the constitutional rights he was waiving by pleading guilty, and also issued an

---

[1] The record indicates the victim was not willing to give her approval of a plea agreement resulting in a sentence of less than 15 years imprisonment and that the victim was willing to testify against Petitioner at trial. The record of the hearing also indicates that Petitioner did not have any prior criminal record or history of abusing drugs or alcohol. See Answer, Exh. D.

"immigration advisement." Id., Exh. D at 12-17.  Petitioner then, through his counsel, admitted that, on February 7, 2009, acting with premeditation, he attempted to kill his wife using a knife and a box cutter. Id., Exh. D at 18-19.

On February 8, 2010, the trial court entered judgment of conviction and sentenced Petitioner to an aggravated term of 21 years imprisonment pursuant to his guilty plea on the charge of attempted first-degree murder. Id., Exh. G & Exh. H.

Petitioner initiated a timely action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Id., Exh. J.  The state trial court appointed counsel to represent Petitioner in his Rule 32 proceedings. Id., Exh. K. On July 8, 2010, Petitioner's counsel informed the trial court that she had reviewed the record and was unable to find any legitimate claims for relief to be raised in Petitioner's post-conviction proceedings. Id., Exh. M.

On August 10, 2010, Petitioner filed a pro-per petition for post-conviction relief, in which he asserted that he received ineffective assistance of counsel during his sentencing proceedings and that his aggravated sentence violated his rights pursuant to Blakely v. Washington, 542 U.S. 296 (2004) and Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Id., Exh. N. On January 7, 2011, the state trial court summarily dismissed Petitioner's pro-per petition with prejudice, finding that he had failed to raise a "colorable claim for post-conviction relief." Id., Exh. Q.

On August 30, 2011, Petitioner filed an untimely petition for review of the trial court's decision in his Rule 32 action with the Arizona Court of Appeals. Id., Exh. R. On November 14, 2011, the Arizona Court of Appeals dismissed the petition because it was untimely. Id., Exh. T.

In the pending petition for writ of habeas corpus, filed June 14, 2012, Petitioner argues he is entitled to habeas relief because he was denied "effective assistance of trial counsel on direct appeal in the state courts." Petitioner further contends: "The conviction obtained by a plea of guilty was unlawfully induced or not made voluntarily with the understanding of the consequences of the plea." Petitioner also asserts: "The sentence imposed was unjustly aggravated beyond a reasonable term without regard to mitigating factors."

Respondent argues that the federal habeas petition was not timely filed and that Petitioner procedurally defaulted his claims in the state courts.

**II Analysis**

**A. Statute of limitations**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Espinoza Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The one-year statute of limitations on

habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  For an Arizona non-capital defendant who pleads guilty to the charges, the conviction becomes "final" at the conclusion of the first "of-right" post-conviction proceeding under Rule 32, Arizona rules of Criminal Procedure.  "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)."  Summers v. Schriro, 481 F.3d 710, 717 (9th Cir. 2007).

"To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review." Id. at 715 (citing Ariz. R. Crim. P. 32.4(a)).  Petitioner initiated a timely action for post-conviction relief after his conviction and sentencing pursuant to his guilty plea.  The state trial court denied relief in his Rule 32 action on January 7, 2011.  Petitioner had thirty days to seek review of the trial court's decision by the Arizona Court of Appeals.  See Ariz. R. Crim P. 32.9(c).  However, Petitioner did not timely seek review of the state trial court's decision in his Rule 32 action by the Arizona Court of Appeals.  The Arizona Court of Appeals dismissed Petitioner's petition for review of the trial court's denial of Rule 32 relief on November 14, 2011, finding the petition for review was not timely filed.

Petitioner's conviction became final and the statute of limitations began to run on February 7, 2011, when the time expired for Petitioner to seek review of the trial court's dismissal of his Rule 32 action.

Accordingly, the one-year statute of limitations began to run on February 8, 2011, and expired on February 8, 2012. Petitioner's habeas action, filed June 14, 2012, was filed approximately five months after the statute of limitations expired.

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. See Holland v. Florida, 130 S. Ct. 2549, 2554, 2562 (2010); Bills v. Clark, 628 F.3d 1092, 1096-97 (9th Cir. 2010). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15 (2005). See also Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir. 2012); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011-14 (9th Cir. 2009). In Holland the Supreme Court eschewed a "mechanical rule" for determining extraordinary circumstances, while endorsing a flexible, "case-by-case" approach, drawing "upon decisions made in other similar cases for guidance." Bills, 628 F.3d at 1096-97.

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th Cir. 2010); Porter, 620 F.3d at 959; Waldron-Ramsey, 556 F.3d at 1011-14 & n.4; Harris v. Carter, 515 F.3d 1051, 1054-55 & n.4 (9th Cir. 2008); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. See Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is also available if the petitioner establishes their actual innocence of the crimes of conviction. See Lee v. Lampert, 653 F.3d 929, 933-34 (9th Cir. 2011).

Equitable tolling is to be rarely granted. See, e.g., Waldron-Ramsey, 556 F.3d at 1011; Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th Cir. 2000). Equitable tolling is inappropriate in most cases and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time."

-7-

1  Porter, 620 F.3d at 959.  It is Petitioner's burden to establish
2  that equitable tolling is warranted in his case.  See, e.g.,
3  Porter, 620 F.3d at 959; Espinoza Matthews v. California, 432
4  F.3d 1021, 1026 (9th Cir. 2004); Gaston, 417 F.3d at 1034.
5         Petitioner contends he has been diligently pursuing his
6  post-conviction remedies, by seeking legal help and by
7  requesting time to do legal research.  Petitioner also alleges
8  that in January through March of 2011 he was in transitional
9  housing and did not have access to his legal materials,
10 resulting in the untimely filing of his petition for review by
11 the Arizona Court of Appeals in his Rule 32 action.
12        Petitioner has not stated an adequate basis for
13 equitable tolling of the statute of limitations.  Compare
14 Holland, 130 S. Ct. at 2564; Porter, 620 F.3d at 961 (noting the
15 circumstances of cases determined before and after Holland).  A
16 petitioner's pro se status, ignorance of the law, and lack of
17 legal representation during the applicable filing period do not
18 constitute circumstances justifying equitable tolling because
19 such circumstances are not "extraordinary."  See, e.g., Chaffer,
20 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011-14;
21 Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006);
22 Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004).
23 Equitable tolling may be available when a petitioner can
24 establish they are so mentally ill that they are incompetent.
25 Compare Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003),
26 with Bills, 628 F.3d at 1098.  However, the vicissitudes of
27 prison life are not "extraordinary" circumstances that make it

impossible to file a timely habeas petition. See, e.g., Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).

The Ninth Circuit Court of Appeals has held that a petitioner is entitled to tolling of the statute of limitations if they can establish that they are actually innocent of the crimes of conviction. See Lee, 653 F.3d at 934. The petitioner must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 938. Petitioner does not assert that he is actually innocent, but instead emphasizes that he was not mentally competent when he committed the crime and that he was improperly sentenced. Accordingly, Petitioner is not entitled to tolling of the statute of limitations based on the theory of actual innocence.

Because the habeas action was not filed within the statute of limitations and Petitioner has not stated a proper basis for equitable tolling of the statute of limitations, the Court need not consider the merits of his claims.

**B.  Exhaustion and procedural default**

Respondents argue that Petitioner has procedurally defaulted his federal habeas claims in the state courts.

The District Court may only grant federal habeas relief on the merits of a claim which has been exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state the

opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).[2] The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007).

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary." Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001). See also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). In Baldwin v. Reese, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors. See 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the federal habeas

---

[2] Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief. However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (1994 & Supp. 2011).

claim to the state court as asserting the violation of a specific <u>federal</u> constitutional right, as opposed to violation of a state law or a state procedural rule, the federal habeas claim was not "fairly presented" to the state court. <u>See</u>, <u>e.g.</u>, <u>id.</u>, 541 U.S. at 33, 124 S. Ct. at 1351.

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c) (1994 & Supp. 2011). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts. <u>See</u> <u>Woodford v. Ngo</u>, 548 U.S. 81, 92-93, 126 S. Ct. 2378, 2387 (2006). If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim. <u>See</u>, <u>e.g.</u>, <u>id.</u>, 548 U.S. at 92, 126 S. Ct. at 2387.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. <u>See</u> <u>Castille</u>, 489 U.S. at 351-52, 109 S. Ct. at 1060. Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. <u>See</u>, <u>e.g.</u>, <u>Ylst v. Nunnemaker</u>, 501 U.S. 797,

-11-

802, 111 S. Ct. 2590, 2594-95 (1991); Coleman, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002).  "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'"  Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

> The doctrine of procedural default provides that a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule.  A state procedural rule is adequate if it is regularly or consistently applied by the state courts and it is independent if it does not depend on a federal constitutional ruling.  Where a state procedural rule is both adequate and independent, it will bar consideration of the merits of claims on habeas review unless the petitioner demonstrates cause for the default and prejudice resulting therefrom or that a failure to consider the claims will result in a fundamental miscarriage of justice.

McNeill v. Polk, 476 F.3d 206, 211 (4th Cir. 2007) (internal citations and quotations omitted).

> We recognize two types of procedural bars: express and implied. An express procedural bar occurs when the petitioner has presented his claim to the state courts and the state courts have relied on a state procedural rule to deny or dismiss the claim. An implied procedural bar, on the other hand, occurs when the petitioner has failed to fairly present his claims to the highest state court and would now be barred by a state procedural rule from doing so.

Robinson v. Schriro, 595 F.3d 1086, 1100 (9th Cir.), cert.

denied, 131 S. Ct. 566 (2010).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not previously fairly presented to the Arizona Court of Appeals in his direct appeal. See Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002). See also Stewart v. Smith, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar); Ortiz v. Stewart, 149 F.3d 923, 931-32 (9th Cir. 1998).

As stated supra, Arizona's Rules of Criminal Procedure regarding waiver and the timeliness of claims have been found to be an adequate and independent basis for affirming a petitioner's convictions and sentences and denying federal habeas relief. Accordingly, unless Petitioner can establish cause for and prejudice from his procedural default of his claims in the state courts, the Court should not consider the merits of his claims.

### C. Cause and prejudice

The Court may consider the merits of a procedurally defaulted claim if the petitioner establishes cause for their

-13-

procedural default and prejudice arising from that default. "Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). Under the "cause" prong of this test, Petitioner bears the burden of establishing that some objective factor external to the defense impeded his compliance with Arizona's procedural rules. See Moorman v. Schriro, 426 F.3d 1044, 1058 (9th Cir. 2005); Vickers v. Stewart, 144 F.3d 613, 617 (9th Cir. 1998); Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996).

Generally, a petitioner's lack of legal expertise is not cause to excuse procedural default. See Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 908 (9th Cir. 1986). Additionally, allegedly ineffective assistance of appellate counsel does not establish cause for the failure to properly exhaust a habeas claim in the state courts unless the specific Sixth Amendment claim providing the basis for cause was itself properly exhausted. See Edwards v. Carpenter, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000); Coleman, 501 U.S. at 755, 111 S. Ct. at 2567; Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004).

To establish prejudice, the petitioner must show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting his entire criminal proceedings with constitutional violations. See Vickers, 144 F.3d at 617; Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th

-14-

Cir. 1998).  Establishing prejudice requires a petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes.  See Manning v. Foster, 224 F.3d 1129, 1135-36 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999).  Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause.  See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

Petitioner raised his three habeas claims in the Arizona trial court in his Rule 32 action.  However, Petitioner did not "fairly present" these claims to the Arizona Court of Appeals in a procedurally correct manner because the petition for review was not timely filed.

In response to Respondents' assertion that he has procedurally defaulted his claims, Petitioner alleges as cause for his default that he was unable to access his legal materials from January through March of 2010, when the deadline passed for timely filing his petition for review in his Rule 32 action.

With regard to the prejudice arising from his procedural default of his claims, Petitioner asserts that there was an "alleged constitutional violation" in his criminal proceedings, i.e., the ineffective assistance of counsel in not presenting an insanity defense and his counsel forcing him to plead to premeditated murder.  Petitioner contends that the constitutional violation worked to his actual and substantial

disadvantage because he was sentenced to a 21 year term of imprisonment. Petitioner also contends his criminal proceedings were "infected" by the judge's perception that Petitioner is a "cold-hearted sociopath". Petitioner further argues that error of constitutional dimension was committed because he was "being tried as if he was sane" and the imposed sentence. Petitioner alleges a "voice" overtook his mind when he committed the crime and when he confessed. Petitioner asserts he only pled guilty because he was "caught off guard".

Petitioner has not established cause for his failure to fairly present his claims to the Arizona state courts. Additionally, Petitioner has not established prejudice arising from the procedural default of his claims. Therefore, the Court need not consider the merits of the claims absent a showing that a fundamental miscarriage of justice will otherwise occur.

### D. Fundamental miscarriage of justice

Review of the merits of a procedurally defaulted habeas claim is required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice. See Dretke v. Haley, 541 U.S. 386, 393, 124 S. Ct. 1847, 1852 (2004); Schlup v. Delo, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995); Murray v. Carrier, 477 U.S. 478, 485-86, 106 S. Ct. 2639, 2649 (1986). A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. See Murray, 477 U.S. at 485-86, 106 S. Ct. at 2649; Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (showing

of factual innocence is necessary to trigger manifest injustice relief). To satisfy the "fundamental miscarriage of justice" standard, a petitioner must establish by clear and convincing evidence that no reasonable fact-finder could have found him guilty of the offenses charged. See Dretke, 541 U.S. at 393, 124 S. Ct. at 1852; Wildman v. Johnson, 261 F.3d 832, 842-43 (9th Cir. 2001).

Petitioner does not assert that he did not attack his wife with a box-cutter, he alleges he was not guilty of firs-degree murder because his act was not premeditated and because he was not competent at the time of the crime. Petitioner emphasizes not that he is innocent, but instead emphasizes that he was improperly sentenced. Accordingly, Petitioner has not established that a fundamental miscarriage of justice will occur absent consideration of the merits of his habeas claims.

### III Conclusion

Petitioner did not file his habeas petition within one year of the date his state conviction became final. Petitioner has not established that he is entitled to equitable tolling of the statute of limitations. Additionally, Petitioner procedurally defaulted his claims in the state courts by not fairly presenting them to the state courts in a procedurally correct manner. Petitioner has not shown cause for, nor prejudice arising from his procedural default of his claims. Petitioner has not established that a fundamental miscarriage of justice will occur absent consideration of the merits of his federal habeas claims.

**IT IS THEREFORE RECOMMENDED that** Mr. Robledo's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna–Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation

of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 19th day of November, 2012.

_____
Mark E. Aspey
United States Magistrate Judge

-19-