1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Paul Anthony Robledo,                    )    No. CV 12-1281-PHX-JAT
                                             )
10                    Petitioner,            )    **ORDER**
                                             )
11  vs.                                      )
                                             )
12                                           )
    Charles L. Ryan; et al.,                 )
13                                           )
                      Respondents.           )
14                                           )
                                             )
15  _____

16          Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus

17  ("Petition").   Magistrate Judge Aspey issued a Report and Recommendation ("R&R")

18  recommending that the Petition be denied and dismissed because it is barred by the Anti-

19  Terrorism and Effective Death Penalty Act's ("AEDPA") statute of limitation.

20  **I.      Review R&R**

21          This Court "may accept, reject, or modify, in whole or in part, the findings or

22  recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the

23  district judge must review the magistrate judge's findings and recommendations *de novo if*

24  *objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

25  (9th Cir. 2003) (*en banc*).  District courts are not required to conduct "any review at all . . .

26  *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985)

27  (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo*

28  determination of those portions of the [report and recommendation] to which objection is

1  made.").  In this case, Petitioner filed objections to certain portions of the R&R, and the
2  Court will review any objections de novo.

3  **II.    Statute of Limitations**

4          The AEDPA established a one-year statute of limitations for filing a federal habeas
5  petition.  R&R at 4.  This statute of limitations begins to run when a petitioner's conviction
6  becomes final in state court.  *Id.*  The Petition in this case was filed on June 14, 2012.  The
7  R&R concludes, after applying statutory tolling, that the Petition was due before February
8  8, 2012.  R&R at 4-6.  The R&R next concludes that Petitioner is not entitled to equitable
9  tolling.  R&R at 6-9.  The R&R finally concludes that the Petition is barred by the statute of
10 limitations.  Petitioner objects to the conclusion that his Petition is untimely.

11         Petitioner argues he should receive tolling of the statute of limitations based on his
12 time in "transitory housing."  Specifically, Petitioner argues that he did not receive access
13 to his legal materials while he was in transitory housing.  Further, in his objections, Petitioner
14 asserts that he was in transitory housing for "over one month."  Doc. 34 at 4.  The R&R
15 states that Petitioner alleged that he was in transitory housing for three months — from
16 January 2011 through March 2011.  R&R at 8.  Petitioner does not cite to any of his exhibits
17 (Docs. 35, 33, and 32) for evidence of how long he was actually in transitory housing.  For
18 example, in Doc. 33 at 7, Petitioner attaches an inmate response letter in which he asked if
19 Rincon 7 was transitory housing; the response from prison was that it is not transitory
20 housing.

21         Using Petitioner's objections, Petitioner alleges that he was in transitory housing for
22 over one month (Doc. 34 at 4), but he does not specify when this month was.  Petitioner then
23 alleges that this month of transitory housing is why his petition for review with the Arizona
24 Court of Appeals was untimely.  *Id.*  Petitioner then concludes by alleging that his due date
25 of his Petition was November 14, 2012.  *Id*. at 4-5.

26         **A.    Statutory Tolling**

27         Up to January 7, 2011, Petitioner had a properly filed action pending in state court;
28 therefore his AEDPA statute of limitations was not running.  R&R at 31.  On January 7,

1   2011, the state trial court dismissed Petitioner's post-conviction relief petition. Petitioner had

2   30 days to appeal to the Arizona Court of Appeals, and he did not appeal within that time.

3   R&R at 5-6; Doc. 21-1 at 167. Therefore, Petitioner's AEDPA statute of limitations began

4   to run on February 8, 2011, when Petitioner's time to appeal expired. R&R at 5-6. Thus,

5   Petitioner's petition had to be filed by February 7, 2012.

6       As stated above, the R&R recounts that Petitioner alleges that he was in transitory

7   housing from January 2011 to March 2011.[1] Petitioner then goes on to allege that he did not

8   have access to his legal materials while he was in transitory housing.[2] Thus, Petitioner

9   concludes that his stay in transitory housing is why he did not timely file his appeal of the

10  denial of his request for post-conviction relief with the Arizona Court of Appeals.

11      As discussed above, the state trial court denied Petitioner's require for post-conviction

12  relief on January 7, 2011. Doc. 21-1 at 167. Petitioner's appeal was due to the Arizona

13  Court of Appeals by February 7, 2011. *Id.* Petitioner did not file his petition for review with

14  the Arizona Court of Appeals until August 3, 2011. *Id.* The Arizona Court of Appeals

15  denied the petition as untimely on November 14, 2011. *Id.* Petitioner suggests in his

16  objections that the due date for his federal habeas Petition should be November 14, 2012.

17  Doc. 34 at 4-5. Thus, Petitioner appears to be arguing that he thinks his statute of limitations

18  should be one year from when the Arizona Court of Appeals dismissed his untimely petition

19  for review.

20      For statutory tolling to be available to Petitioner, the request for relief pending in state

21  court must be properly filed. *See* 28 U.S.C. § 2244(d)(2). A request is not properly filed if

22  it is untimely. *Allen v. Siebert*, 552 U.S. 3, 6 (2007) (holding "that time limits, no matter

23  their form, are 'filing' conditions," and that a state post-conviction petition is therefore not

25  [1] As discussed above, the Court can find no evidence in Petitioner's objections or
26  supporting exhibits to verify this allegation. Nonetheless the Court has assumed the
    allegation is true for purposes of this Order.

27  [2] In Doc. 33 at 7 supports Petitioner's allegation that while an inmate is in transitory
28  housing, legal materials are not available to him.

1    "properly filed" if it was rejected by the state court as untimely.).

2         This case presents a good example of why this rule is in place.  Specifically,

3    Petitioner's petition for review with the Arizona Court of Appeals was six months late.

4    Petitioner cannot give himself a six month extension of his federal habeas statute of

5    limitations (or,  hypothetically, an even longer extension), by deciding to file a petition for

6    review.[3]  Therefore, Petitioner is not entitled to statutory tolling for any period after his time

7    to appeal the state court's denial of his post-conviction relief petition expired.

8         **B.    Equitable tolling**

9         Next, Petitioner argues he should receive equitable tolling for while he was in

10   transitory housing because that is why his petition for review to the Arizona Court of

11   Appeals was untimely.  Doc. 34 at 3-5.  To the extent Petitioner is arguing that the state

12   court's deadline should have been extended, this Court has no power over the state court in

13   its imposition of its own deadlines.  Next, to the extent Petitioner is arguing that he should

14   receive statutory tolling, that argument has been rejected above.

15        Finally, to the extent Petitioner is arguing that he should receive equitable tolling of

16   his federal statute of limitation, Petitioner has failed to meet his burden.  To qualify for

17   equitable tolling, Petitioner must show: "(1) that he has been pursuing his rights diligently,

18   and (2) that some extraordinary circumstance stood in his way and prevented timely filing."

19   *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal citations and quotations omitted).

20        Accepting Petitioner's original allegations as true, Petitioner was in transitory housing

21   from January 2011 to March 2011.  R&R at 8.  Petitioner's federal habeas petition was due

22   in February 2012.  Petitioner offers no reason why he could not timely file his federal

23   Petition in the eleven months following his release from transitory housing.

24        Further, Petitioner offers no reason why from March 2011 to August 2011 he did not

25   file his petition for review with the state court of appeals, which would have allowed

26

27        _____

28        [3] *Cf. Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (once the federal
     statute of limitations expires, a petitioner cannot restart the clock via a filing in state court).

1   Petitioner to learn sooner that his request for review was untimely.

2          Further, as discussed above, to be entitled to equitable tolling, Petitioner must show

3   that an extraordinary circumstance stood in his way to prevent timely filing.  First, the Court

4   cannot say that an inmate being in transitory housing for a limited period of time is

5   extraordinary.  *See Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (holding that realities

6   and limitations of prison life  are not "extraordinary" circumstances).

7          Moreover, even if transitory housing was a unique quality of prison life, extraordinary

8   circumstances cannot be based on a situation Petitioner himself caused.   Specifically,

9   Petitioner was in transitory housing because he was being transferred.   He was being

10  transferred because,

11          "The inmate, though repetitive and/or seriously disruptive behavior, has
            demonstrated a chronic inability to adjust to a lower custody unit, as evidenced
12          by repeated guilty findings by the Disciplinary Hearing Officer...This inmate
            has been found guilty by the Disciplinary Hearing Officers of Ten (10) major
13          Rules violations in the past Four (4) month[s] and has demonstrated a chronic
            inability to adjust to a lower custody unit."
14
15  Doc. 35 at 11.

16          For Petitioner to claim extraordinary circumstances, those circumstances must be an

17  external force.  *See Lott v Mueller*, 304 F.3d 918, 922 (9th Cir. 2002).  Here, Petitioner was

18  in transitory housing as a result of his own actions.  Petitioner's own actions are not an

19  external force that would justify equitable tolling even if Petitioner had otherwise shown he

20  was in transitory housing long enough to have prevented timely filing.  In other words, even

21  if the Court equitably tolled the statute of limitations for the time Petitioner was allegedly in

22  transitory housing (from February 7, 2011 (when his federal habeas statute of limitations

23  began to run) through March 2011), the filing date of the Petition in this case would still be

24  over two months past the expiration of the statute of limitations.

25          Finally, the exhibits Petitioner attached to his various submissions do not change this

26  result.  In one of Petitioner's submissions, he chronicles various actions he took regarding

27  his habeas Petition.  From February 2011 to May 29, 2011, Petitioner did nothing.  Doc. 32

28  at 3.  From late May 2011 through June 2011 Petitioner made various requests regarding

1    legal materials and his property.  *Id*.  After June 2011 through February 2012, Petitioner's

2    chronicle of his issues with prison personnel continues, but none of his issues relate to the

3    filing of his habeas Petition.  *Id*. at 3-8.  After February 2012, Petitioner's chronicle further

4    continues, but all of those events were after the statute of limitations had already expired;

5    thus, they are not relevant to an equitable tolling analysis.  *See id*. at 9-17.

6          Taking Petitioner's submissions as true, in May and June of 2011 Petitioner made

7    several requests.  The fact that Petitioner requested items like a habeas corpus petition might

8    show diligence, but it does not show an extraordinary circumstance that prevented timely

9    filing.   Accordingly, having reviewed all of the submissions and exhibits, the Court

10   concludes Petitioner has not shown that he is entitled to equitable tolling.

11         Thus, the Petition in this case is untimely, and will be dismissed because it is barred

12   by the statute of limitations.

13   **III.    Other Pending Motions**

14         In his objections, Petitioner seeks to have Magistrate Judge Aspey recused from this

15   case and the case reassigned for the preparation of a new R&R.  Doc. 34 at 2-3.  First,

16   Petitioner has shown no grounds which would justify recusal.  *See generally*, 28 U.S.C. §§

17   144 and 455.  Moreover, the Court has reviewed, de novo, the R&R's recommendation that

18   the Petition be dismissed as untimely, including all of Petitioner's supplements; therefore,

19   no new R&R is needed even if a basis for recusal had been shown.

20         Petitioner also seeks an injunction regarding his access to the law library.  First, a

21   habeas petition is not the appropriate forum to bring a claim regarding access to the law

22   library. *See generally*, 42 U.S.C. § 1983.  Second, Petitioner has failed to show he is entitled

23   to an injunction.  *See generally*, *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-

24   35 (9th Cir. 2011).

25         Finally, Petitioner seeks issuance of a certificate of appealability.  In this case, the

26   Court will deny issuance of a certificate of appealability because dismissal of the Petition is

27   based on a plain procedural bar and jurists of reason would not find this Court's procedural

28   ruling debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IV.     Conclusion**

       **IT IS ORDERED** that the Report and Recommendation (Doc. 31) is accepted and adopted; the objections are overruled; the Petition in this case is dismissed, with prejudice, because it is barred by the statute of limitations and the Clerk of the Court shall enter judgment accordingly.

       **IT IS FURTHER ORDERED** that Petitioner's motion for preliminary injunction (Doc. 13) is denied.

       **IT IS FINALLY ORDERED** that Petitioner's motion for a certificate of appealability (Doc. 24) is denied for the reasons stated above.

       DATED this 31st day of January, 2013.

_____
James A. Teilborg
United States District Judge