**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Paul Anthony Robledo, | ) | No. CV 12-1281-PHX-JAT |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan; et al., | ) | |
| Respondents. | ) | |

Petitioner has moved pursuant to Rule 59 of the Federal Rules of Civil Procedure to alter or amend this Court's judgment dismissing his Petition for Writ of Habeas Corpus. Previously, this Court ruled that the Petition is barred by the statute of limitations. Doc. 37. Specifically, this Court reached this conclusion as follows:

**II.  Statute of Limitations**

The AEDPA established a one-year statute of limitations for filing a federal habeas petition. R&R at 4. This statute of limitations begins to run when a petitioner's conviction becomes final in state court. *Id.* The Petition in this case was filed on June 14, 2012. The R&R concludes, after applying statutory tolling, that the Petition was due before February 8, 2012. R&R at 4-6. The R&R next concludes that Petitioner is not entitled to equitable tolling. R&R at 6-9. The R&R finally concludes that the Petition is barred by the statute of limitations. Petitioner objects to the conclusion that his Petition is untimely.

Petitioner argues he should receive tolling of the statute of limitations based on his time in "transitory housing." Specifically, Petitioner argues that he did not receive access to his legal materials while he was in transitory housing. Further, in his objections, Petitioner asserts that he was in transitory housing for "over one month." Doc. 34 at 4. The R&R states that Petitioner

alleged that he was in transitory housing for three months — from January 2011 through March 2011. R&R at 8. Petitioner does not cite to any of his exhibits (Docs. 35, 33, and 32) for evidence of how long he was actually in transitory housing. For example, in Doc. 33 at 7, Petitioner attaches an inmate response letter in which he asked if Rincon 7 was transitory housing; the response from prison was that it is not transitory housing.

Using Petitioner's objections, Petitioner alleges that he was in transitory housing for over one month (Doc. 34 at 4), but he does not specify when this month was. Petitioner then alleges that this month of transitory housing is why his petition for review with the Arizona Court of Appeals was untimely. *Id*. Petitioner then concludes by alleging that his due date of his Petition was November 14, 2012. *Id*. at 4-5.

### A.    Statutory Tolling

Up to January 7, 2011, Petitioner had a properly filed action pending in state court; therefore his AEDPA statute of limitations was not running. R&R at 31. On January 7, 2011, the state trial court dismissed Petitioner's post-conviction relief petition. Petitioner had 30 days to appeal to the Arizona Court of Appeals, and he did not appeal within that time. R&R at 5-6; Doc. 21-1 at 167. Therefore, Petitioner's AEDPA statute of limitations began to run on February 8, 2011, when Petitioner's time to appeal expired. R&R at 5-6. Thus, Petitioner's petition had to be filed by February 7, 2012.

As stated above, the R&R recounts that Petitioner alleges that he was in transitory housing from January 2011 to March 2011.[1] Petitioner then goes on to allege that he did not have access to his legal materials while he was in transitory housing.[2] Thus, Petitioner concludes that his stay in transitory housing is why he did not timely file his appeal of the denial of his request for post-conviction relief with the Arizona Court of Appeals.

As discussed above, the state trial court denied Petitioner's require for post-conviction relief on January 7, 2011. Doc. 21-1 at 167. Petitioner's appeal was due to the Arizona Court of Appeals by February 7, 2011. *Id*. Petitioner did not file his petition for review with the Arizona Court of Appeals until August 3, 2011. *Id*. The Arizona Court of Appeals denied the petition as untimely on November 14, 2011. *Id*. Petitioner suggests in his objections that the due date for his federal habeas Petition should be November 14, 2012. Doc. 34 at 4-5. Thus, Petitioner appears to be arguing that he thinks his statute of limitations should be one year from when the Arizona Court of Appeals dismissed his untimely petition for review.

For statutory tolling to be available to Petitioner, the request for relief pending in state court must be properly filed. *See* 28 U.S.C. § 2244(d)(2). A

---

[1] As discussed above, the Court can find no evidence in Petitioner's objections or supporting exhibits to verify this allegation. Nonetheless the Court has assumed the allegation is true for purposes of this Order.

[2] In Doc. 33 at 7 supports Petitioner's allegation that while an inmate is in transitory housing, legal materials are not available to him.

request is not properly filed if it is untimely. *Allen v. Siebert*, 552 U.S. 3, 6 (2007) (holding "that time limits, no matter their form, are 'filing' conditions," and that a state post-conviction petition is therefore not "properly filed" if it was rejected by the state court as untimely.).

This case presents a good example of why this rule is in place. Specifically, Petitioner's petition for review with the Arizona Court of Appeals was six months late. Petitioner cannot give himself a six month extension of his federal habeas statute of limitations (or, hypothetically, an even longer extension), by deciding to file a petition for review.[3] Therefore, Petitioner is not entitled to statutory tolling for any period after his time to appeal the state court's denial of his post-conviction relief petition expired.

### B. Equitable tolling

Next, Petitioner argues he should receive equitable tolling for while he was in transitory housing because that is why his petition for review to the Arizona Court of Appeals was untimely. Doc. 34 at 3-5. To the extent Petitioner is arguing that the state court's deadline should have been extended, this Court has no power over the state court in its imposition of its own deadlines. Next, to the extent Petitioner is arguing that he should receive statutory tolling, that argument has been rejected above.

Finally, to the extent Petitioner is arguing that he should receive equitable tolling of his federal statute of limitation, Petitioner has failed to meet his burden. To qualify for equitable tolling, Petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal citations and quotations omitted).

Accepting Petitioner's original allegations as true, Petitioner was in transitory housing from January 2011 to March 2011. R&R at 8. Petitioner's federal habeas petition was due in February 2012. Petitioner offers no reason why he could not timely file his federal Petition in the eleven months following his release from transitory housing.

Further, Petitioner offers no reason why from March 2011 to August 2011 he did not file his petition for review with the state court of appeals, which would have allowed Petitioner to learn sooner that his request for review was untimely.

Further, as discussed above, to be entitled to equitable tolling, Petitioner must show that an extraordinary circumstance stood in his way to prevent timely filing. First, the Court cannot say that an inmate being in transitory housing for a limited period of time is extraordinary. *See Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (holding that realities and limitations of prison life are not "extraordinary" circumstances).

Moreover, even if transitory housing was a unique quality of prison life,

---

[3] *Cf. Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (once the federal statute of limitations expires, a petitioner cannot restart the clock via a filing in state court).

- 3 -

> extraordinary circumstances cannot be based on a situation Petitioner himself caused. Specifically, Petitioner was in transitory housing because he was being transferred. He was being transferred because,
>
>> "The inmate, though repetitive and/or seriously disruptive behavior, has demonstrated a chronic inability to adjust to a lower custody unit, as evidenced by repeated guilty findings by the Disciplinary Hearing Officer...This inmate has been found guilty by the Disciplinary Hearing Officers of Ten (10) major Rules violations in the past Four (4) month[s] and has demonstrated a chronic inability to adjust to a lower custody unit."
>
> Doc. 35 at 11.
>
> For Petitioner to claim extraordinary circumstances, those circumstances must be an external force. *See Lott v Mueller*, 304 F.3d 918, 922 (9th Cir. 2002). Here, Petitioner was in transitory housing as a result of his own actions. Petitioner's own actions are not an external force that would justify equitable tolling even if Petitioner had otherwise shown he was in transitory housing long enough to have prevented timely filing. In other words, even if the Court equitably tolled the statute of limitations for the time Petitioner was allegedly in transitory housing (from February 7, 2011 (when his federal habeas statute of limitations began to run) through March 2011), the filing date of the Petition in this case would still be over two months past the expiration of the statute of limitations.

Doc. 37 at 2-5 (footnotes in original).

Petitioner argues this result is wrong for two reasons. First, Petitioner argues he now has proof he was in transitory housing. Second, Petitioner argues that this Court should not find that his segregation was a result of his own actions.

With respect to the first argument, Petitioner has attached "new evidence" in the form of Exhibit A to his motion to alter or amend judgment. Petitioner claims Exhibit A shows that he was in transitory housing from February 4, 2011 to March 7, 2011. Doc. 39 at 12. Having reviewed all of Petitioner's exhibits together, the Court finds Petitioner still has not proven he was in transitory housing as the prison officials appear to dispute Petitioner's characterization of this assignment as transitory housing. Regardless, however, as the prior Order made clear, the Court assumed for purposes of the analysis that Petitioner was in fact in transitory housing from January 2011 to March 2011. Doc. 37 at 3 & n. 1. Thus, Petitioner's "new evidence" that he was in transitory housing from February 2011 to March 2011 does not justify altering or amending the prior order because the Court has already

- 4 -

1  assumed Petitioner was in transitory housing for an even longer period of time.

2        With respect to the second argument, Petitioner does not dispute that his segregation
3  was of his own doing, but instead argues that his actions were justified. Doc. 39 at 5. Even
4  assuming Petitioner's choice to commit 10 major rules violations was justified,[4] that choice
5  was not an extraordinary circumstance outside Petitioner's control. Therefore, the Court will
6  not alter or amend judgment based on Petitioner's second reason.

7        For the foregoing reasons,

8        **IT IS ORDERED** that the motion to alter or amend judgment (Doc. 39) is denied.

9        **IT IS FURTHER ORDERED** that the motion for status (Doc. 49) is denied as moot.

10        DATED this 12th day of June, 2013.

_____
James A. Teilborg
Senior United States District Judge

---

[4] The Court finds no evidence of such justification.