**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Anthony Robledo,<br><br>Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Respondents. | No. CV-12-01281-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Motion for Relief from the Court's Order, (Doc. 56), Petitioner's Motion for Entry of Default Judgment, (Doc. 59), and Petitioner's Motion for Ruling, (Doc. 63). Respondent has filed a Response to the Motion for Entry of Default Judgment, (Doc. 61), and Petitioner has Replied, (Doc. 62). Petitioner has also filed a Motion to Supplement his Reply and his Motion for Ruling, (Doc. 64).

Initially, the Court denies Petitioner's Motion for Entry of Default Judgment. "[T]he grant or denial of a motion for the entry of a default judgment is within the discretion of the court." *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956) (per curiam). "[F]ailure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment." *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) (collecting cases). As this Court has explained, this is true even if the state has "completely failed to respond in any meaningful fashion." *Young v. Arizona*, No. CV-14-00733-TUC-RCC, 2016 WL 909517, at *4 (D. Ariz. Mar. 10, 2016) (quoting *Gordon*, 895 F.2d at 612). Even though *Gordon* and *Young* occurred in the context of a petition for

habeas corpus, and not a Rule 60 motion, because the context of the pending motion is a relief from a denial of habeas petition, the same concerns are implicated. *See Bleitner v. Welborn*, 15 F.3d 652, 653 (7th Cir. 1994) (observing that "[r]eleasing a properly convicted prisoner . . . is apt to be a disproportionate sanction for the wrong failing to file a timely motion for an extension of time"). Because of these concerns, the Court will deny Petitioner's motion for entry of a default judgment.

Petitioner seeks relief under Federal Rule of Civil Procedure ("Rule") 60(b)(6) from the Court's prior Order Adopting the Report and Recommendation of Magistrate Judge Aspey ("R&R"), (Doc. 37). Rule 60(b)(6) allows the Court discretion to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Rule 60(b)(6). However, a movant must first show that "extraordinary circumstances" justify reopening a final judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (collecting cases); *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 941 (9th Cir. 2007) (stating that Rule 60(b)(6) motion should be "utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment") (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005)).

Here, Petitioner fails to demonstrate the existence of "extraordinary circumstances" that prevented him from "taking timely action to prevent or correct an erroneous judgment." *In re Int'l Fibercom, Inc.*, 503 F.3d at 941. The majority of Petitioner's arguments revolve around an alleged violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). (Doc. 56 at 1–4). These arguments largely rehash those he made in both his original petition, (Doc. 1), and in his objections to the R&R, (Doc. 34). To the extent that Petitioner simply reasserts arguments he made to the Court in his original petition, he fails to assert the existence of "extraordinary circumstances" that would justify reopening a final judgment. Petitioner does contend that, because he had to proceed pro se, his state appeal was untimely filed and that lead to his Petition being procedurally barred. (Doc. 56 at 4). Petitioner's single

conclusory assertion, however, is not sufficient to carry his burden to show that the circumstances prevented him from correcting an erroneous judgment. Indeed, as discussed in the R&R, Petitioner did timely file a pro-per petition for post-conviction relief that was summarily rejected by the trial court. (Doc. 31 at 3). It was only after this that he filed an untimely petition for review. (*Id.* at 4). Therefore, the record actually indicates that Petitioner was able to timely file the appropriate documents even after he began proceeding pro se in this matter.

Petitioner also alleges that he is entitled to relief by reason of the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012). (Doc. 56 at 5–6). However, the change in the law brought about by *Martinez* is not, in and of itself, an "extraordinary circumstance" justifying relief under Rule 60(b)(6). *Moses v. Joyner*, 815 F.3d 163, 168–69 (4th Cir. 2016) (collecting cases); *see also Gonzalez*, 545 U.S. at 536–38 (stating that a change in habeas decisional law is not, by itself, an "extraordinary circumstance" justifying relief under Rule 60(b)(6)). Accordingly, this argument is also defective because the Petitioner has not established the necessary predicate to granting relief under Rule 60(b)(6).

Finally, the Court denies a certificate of appealability to Petitioner for failure to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2) (2012).

Based on the foregoing,

**IT IS ORDERED** that the Motion to Supplement, (Doc. 64), is **GRANTED**.[1]

**IT IS FURTHER ORDERED** that the Motion for Ruling, (Doc. 63), is

---

[1] Petitioner's Motion to Supplement seeks to incorporate the same passage from *Bleitner* into his Motion for Ruling and his Reply to the Response to the Motion for Entry of Default Judgment. (Doc. 64 at 4–5, 6). Petitioner contends that *Bleitner* requires this Court to proceed to the merits of his 2012 Petition. (*Id.* at 5). This is incorrect for two reasons. First, *Bleitner* is a case from the Seventh Circuit and not binding on this Court. Second, *Bleitner* speaks to the disfavor of granting default judgments in the context of habeas corpus because of the high cost to society. *See Bleitner*, 15 F.3d at 653. But, it is Petitioner who seeks entry of a Default Judgment. (Doc. 59). Third, the Court already addressed the merits of the 2012 Petition in the very order, (Doc. 37), that Petitioner now seeks relief from. For these reasons, Petitioner's supplemental arguments based on *Bleitner* do not affect the Court's disposition of this matter.

**GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Relief from the Court's Order, (Doc. 56), and the Motion for Entry of Default Judgment, (Doc. 59), are **DENIED**.

**IT IS FINALLY ORDERED** that the Court denies issuance of a certificate of appealability.

Dated this 19th day of April, 2018.

James A. Teilborg
Senior United States District Judge